■ BETTY SCHWARTZ et al., Appellants, v. BOARD OF EDUCATION, MOUNT PLEASANT CENTRAL SCHOOL DISTRICT No. 2, Also Known as POCANTICO HILLS CENTRAL SCHOOL, Respondent.— In this proceeding pursuant to article 78 of the CPLR (1) to annul respondent's determination terminating the employment of petitioner Schwartz as a teacher and (2) for reinstatement of said petitioner, with tenured back pay, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated March 5, 1973, which, with prejudice, granted respondent's motion to dismiss the petition upon an objection in point of law. Judgment reversed, on the law, without costs, and petition reinstated, with leave to respondent to serve and file an answer to the petition within 10 days after service upon it of a copy of the order to be made hereon, with notice of entry. In June, 1969, petitioner Schwartz received a probationary appointment as a teacher in the respondent school district, effective September 1, 1969. She served as such through to the end of the 1971–1972 school year as a full-time teacher. Her services were terminated effective August 31, 1972. On July 1, 1971 respondent entered into a collective bargaining agreement with petitioner Pocantico Hills Teachers Association (of which Mrs. Schwartz was a member in good standing). Paragraph 12 of the agreement sets forth procedures for the evaluation and review of teachers. Petitioners allege that respondent failed to comply with such evaluation procedures prior to terminating the services of Mrs. Schwartz. The fact that a school superintendent, a school board or a school governing body has power to dismiss a probationary teacher on any grounds is not sufficient to permit violations of contract rights to be committed with impunity and without the opportunity for redress (*Board of Educ. of Chautauqua Cent. School Dist.* v. *Chautauqua Cent. School Teachers Assn.*, 41 A D 2d 47). The instant petition thus contains allegations sufficient to constitute a valid cause of action. Therefore, the granting of respondent's motion to dismiss the petition was error. We make no determination as to the merits of the claim for reinstatement with tenure (cf. *Legislative Conference of City Univ. of N. Y.* v.

*Board of Higher Educ. of City of N. Y.*, 38 A D 2d 478, affd. 31 N Y 2d 926).
Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.